```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF OHIO
                          EASTERN DIVISION
```

Chaplain William Akridge,

      Plaintiff,

  v.                                  Case No. 2:03-cv-434

Reginald A. Wilkinson, et al.,

      Defendants.

OPINION AND ORDER

This matter is before the court on defendants' motion for taxation of costs (Doc. No. 40) in the amount of $880.40, and plaintiff's motion to review the Clerk's taxation of costs filed on October 16, 2006 (Doc. No. 49). The Clerk determined that defendants were entitled to costs in the amount of $880.40. Plaintiff does not contend that the costs claimed are not properly taxable as costs, or that the expenditures were unnecessary or unreasonably large. Rather, plaintiff asks this court to exercise its discretion in favor of denying an award of costs.

Under Fed.R.Civ.P. 54(d)(1), "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" Fed.R.Civ.P. 54(d)(1); Delta Air Lines, Inc. v. August, 450 U.S. 346, 352 (1981). Rule 54(d) creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court. Knology, Inc. v. Insight Communications Co., 460 F.3d 722, 726 (6th Cir. 2006); McDonald v. Petree, 409 F.3d 724, 732 (6th Cir. 2005). The unsuccessful party must show circumstances sufficient to overcome the presumption. Goostree v. Tennessee, 796 F.2d 854, 863 (6th Cir. 1986); White & White, Inc. v. American Hospital Supply Corp., 786 F.2d 728, 730

(6th Cir. 1986).

In White & White, 786 F.2d at 730-31, the court discussed several factors to consider in determining whether to award costs. Those factors include:

> a) Were the taxable expenditures unnecessary to the case or unreasonably large?
>
> b) Should the prevailing party be penalized for unnecessarily prolonging the trial or for injecting unmeritorious issues?
>
> c) Was the prevailing party's victory so insignificant that the judgment amounts to a victory for the opponent?
>
> d) Was the case close and difficult?
>
> e) Did the losing party act reasonably and in good faith in filing, prosecuting or defending the case?
>
> f) Did the losing party conduct the case with propriety?
>
> g) Have other courts denied costs to prevailing defendants in similar cases?
>
> h) Did the prevailing party benefit from the case?
>
> I) Did the public benefit from the case?
>
> j) Did the case result in a profound reformation of current practices by defendant?
>
> k) Does the award of costs have a chilling effect on other litigants?

See Rosser v. Pipefitters Union Local 392, 885 F.Supp. 1068, 1071-72 (S.D.Ohio 1995).

Factors which are relevant but insufficient in themselves as a basis for denying costs include the good faith of the losing party in filing, prosecuting or defending the action, and the propriety with which the losing party conducts the litigation. White & White, 786 F.2d at 730.  Factors which the district court

must ignore when determining whether to deny costs include the size of a successful litigant's recovery and the ability of the prevailing party to pay his own costs.  Id.  However, the court may consider the indigency of the losing party in determining whether to award costs.  Singleton v. Smith, 241 F.3d 534, 539 (6th Cir. 2001).

Applying the above factors to the circumstances of this case, this court finds that the taxable expenditures were not unnecessary to the case or unreasonably large.  Defendants are only claiming costs related to depositions which were actually used in their motion for summary judgment on the claims asserted by plaintiff.

Defendants, the prevailing parties, did not prolong the proceedings or inject unmeritorious issues into the case. Defendants' victory in this case was significant, and the judgment did not amount to a victory for the plaintiff.

In determining whether the case was close or difficult, the fact that the case was or was not frivolous is not the relevant standard.  Goostree, 796 F.2d at 864.  The Sixth Circuit has noted that the "closeness of a case is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case."  White & White, 786 F.2d at 732-33.  "Although the fact that a case is 'close and difficult' may serve as grounds for denying a motion for costs, a district court does not abuse its discretion merely because it awards costs in a 'close and difficult' case." McDonald, 409 F.3d at 732 (citing White & White, 786 F.2d at 730; United States Plywood Corp. v. Gen. Plywood Corp., 370 F.2d 500,

3

508 (6th Cir. 1966)).

From a factual standpoint, this case was not complex, close or difficult.  This case was legally complex only from the standpoint that plaintiff advanced a variety of legal theories as the basis for his claims, thereby requiring alternative analyses.  However, the case was resolved at the summary judgment stage, applying established principles of law, and no trial was necessary.  The evidence produced in the case plainly demonstrated that defendants were entitled to summary judgment on plaintiff's claims.  The judgment was affirmed on appeal.  This case cannot be characterized as particularly close or difficult, but even if it is so characterized, this alone would not warrant denying costs.

The next factor is whether plaintiff acted reasonably and in good faith in filing, prosecuting or defending the case.  The plaintiff may have acted in good faith from the standpoint that he subjectively believed that his case had merit.  However, viewed objectively, plaintiff's claims were not reasonable and were not supported by the evidence.  Moreover, even assuming that plaintiff acted in good faith, this factor, in itself, is not sufficient to preclude an award of costs.

Plaintiff conducted the case with propriety.  However, this factor is not sufficient to preclude an award of costs.

The next factor is whether other courts have denied costs to prevailing defendants in similar cases.  Plaintiff cites <u>White & White</u> as being a similar case.  However, that case, which involved an eighty-day trial with forty-three witness, eight hundred exhibits, fifteen thousand pages of transcript and a ninety-five-page opinion, is clearly distinguishable and does not support

plaintiff's opposition to the payment of costs.

The next factors concern whether the prevailing parties and the public benefitted from the case. See White & White, 786 F.2d at 733 (the public and private interests at stake are "relevant for determining the equity of awarding costs 'under all the circumstances of the case.'")(quoting Lichter Foundation, Inc. v. Welch, 269 F.2d 142, 146 (6th Cir. 1959)).  Plaintiff argues that the public benefitted from the litigation of his claims, which sought to clarify the nature of his First Amendment rights. However, the public also benefitted from the defendants' defense of plaintiff's claims.  Defendants prevailed on issues concerning the authority of the state penal system to discipline its employees and to control activities of its employees which might create security problems within state penal institutions or infringe upon the constitutional rights of inmates.  The public benefitted from a ruling which supported the ability of the defendants to ensure discipline and security within state penal institutions. Therefore, this factor weighs in favor of an award of costs.  There is no evidence that the case resulted in any reformation of current practices of the defendants.

There is no basis for finding that an award of costs in this case would have a chilling effect on other litigants.  The mere fact that this case was a civil rights action asserting First Amendment claims does not require that costs be denied. Analogously, the Sixth Circuit in Jones v. Continental Corp., 789 F.2d 1225, 1233 (6th Cir. 1986), an employment discrimination case, affirmed the decision of the district court taxing costs against the plaintiff, rejecting the plaintiff's argument that an award of

5

costs against a losing civil rights plaintiff would conflict with the remedial purposes of Title VII.  <u>Id</u>.  The amount of costs claimed in this case is not so high that it would discourage similarly situated plaintiffs from pursuing civil rights claims.

Finally, plaintiff does not maintain, nor has he presented any evidence, that he is financially incapable of paying costs.

Weighing the above factors, this court finds that an award of costs against the plaintiff and in favor of the defendants is appropriate in this case.  Defendants' motion for taxation of costs is granted, and plaintiff's motion to deny taxation of costs is denied.  Costs in the amount of $880.40 are hereby taxed against plaintiff.

Date: October 26, 2006             <u>    s\James L. Graham         </u>
                                   James L. Graham
                                   United States District Judge